**Jagjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 23, 2007.

———

Paul J. Collins, Esq., Fredrick C. Crombie, Esq., Gibson Dunn & Crutcher, LLP, Palo Alto, CA, Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Jagjit Singh, an Indian national and adherent of the Sikh faith, petitions for review of a Board of Immigration Appeals ("BIA") decision that denied asylum, withholding of removal and relief under the United Nations Convention Against Torture. We hold that the BIA's ruling that

* This disposition is not appropriate for publication and is not precedent except as provided

Singh's experiences did not rise to the level of persecution was unsupported by substantial evidence, and that the BIA's analysis of changed circumstances in India was insufficiently individualized. Accordingly, we grant Singh's petition and remand so that the BIA may rule on Singh's credibility and, if necessary, properly assess country conditions.

■ Singh's testimony at his removal hearing, which we do not repeat here and must presume at this stage to be true, *see Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000), compels the conclusion that he was subjected to past persecution. In similar cases involving Sikhs in India, we have held that petitioners were persecuted when they, along with their relatives, were arrested, beaten and otherwise harassed by the police. *See Rajinder Singh v. Gonzales*, 439 F.3d 1100, 1104–05 (9th Cir. 2006); *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000); *Surinder Singh v. Ilchert*, 69 F.3d 375, 377 (9th Cir.1995); *Harpinder Singh v. Ilchert*, 63 F.3d 1501, 1504 (9th Cir.1995); *cf. Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) (persecution established where rebels beat petitioner's father but petitioner himself suffered no physical harm and was threatened only with conscription).

■ The BIA's ruling was flawed because it took into account only the June 2002 incident. Although Singh was not at his house when the police carried out their second raid in October 2002, they were looking for him and the beating and detention his father suffered are evidence of the treatment that Singh would likely have received had he been present. *See Tukhowinich v. INS*, 64 F.3d 460, 463 (9th Cir.1995) ("[F]ailure by the BIA to consid-

by 9th Cir. R. 36–3.

er all pertinent facts ... is an abuse of discretion.").

Singh's testimony further compels the conclusion that his persecution was on account of his political opinion as a Sikh. That the police were not motivated exclusively by legitimate law enforcement aims is evident from the facts that they never charged Singh with any crime, never formally investigated Singh, twice broke into his home late at night and proceeded to beat everyone they encountered and left the scene in June 2002 upon receiving a bribe. *See Surinder Singh,* 69 F.3d at 379; *Harpinder Singh,* 63 F.3d at 1508 (taking note of "the Indian authorities' extensive abuse of vague anti-terrorism laws to suppress political dissent and stamp out secessionist ideologies").

Finally, the BIA erroneously concluded that "evidence of record demonstrates a change in country conditions such that the respondent no longer has a well-founded fear of future persecution" without first conducting the "individualized analysis" that our case law requires. *Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004); *see also Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998) ("Information about general changes in the country is not sufficient."). The BIA made no effort to examine how the alleged improvement in the Indian government's human rights record since 2002 would "affect the specific petitioner's situation." *Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc) (internal quotation marks omitted).

We therefore remand to the BIA to assess Singh's credibility, which it previously declined to review. *See Damaize-Job v. INS,* 787 F.2d 1332, 1338 (9th Cir. 1986) ("It is our practice to remand to the Board for credibility findings whenever we reverse a Board decision in which the Board has expressly abstained from decid-

ing the credibility issue."). The BIA need reach the changed circumstances issue only if it finds that Singh testified credibly.

**Petition for review GRANTED; REMANDED for further proceedings.**